IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

```
04 SEP -8  PM 4:03

CLERK          IDAHO
```

```
------------------------------------------------X
                                                 )
IN RE:  Letter Rogatory Request from             )   Misc. No. MS 5687
        Turkey                                   )
        for Assistance in the Criminal           )
        Matter of Michael P. Torres              )
                                                 )
------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

This memorandum is submitted in support of the application of the United States for an order requiring persons within the jurisdiction of this Court to provide testimony and evidence requested by authorities in the Turkish government for use in a criminal proceeding in Turkey and appointing a commissioner to collect it.  The application is based upon the attached letter rogatory request.

As set forth in the letter rogatory request, the Court of First Instance and Penalty of Adana, Turkey, has commenced a criminal investigation in Turkey.  The documentation from Turkey indicates that Nihat Yavuz, Metin Tan, and Deniz Cevik have been charged with swindling, in violation of the Turkish Criminal Code. On December 10, 2002, Cevik was serving as a tour guide for Michael P. Torres, a member of the United States Air Force stationed at the Incirlik Air Base in Turkey, and two others.  At some point during the tour, Cevik allegedly called co-defendants Yavuz and Tan to

join him and together they attempted to extort money from Torres and his companions by claiming to be police and threatening to put them in jail if they would not pay them a bribe.

In order to further the investigation, the following request has been made to interview the following person located in the District of Idaho: <u>Torres, Michael P., Mountain Home Air Force Base</u>.

This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this district shall provide the evidence requested for use in a proceeding in a foreign country, (2) appoint a person to gather such evidence, and (3) establish the procedure pursuant to which the evidence requested shall be produced.

1.   <u>Authority to grant a foreign request for assistance</u>

Title 28, Section 1782, provides in pertinent part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign  . . . tribunal or upon the application of any interested person . . .

Section 1782 was enacted:

> . . .  to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . .

Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), <u>reprinted in</u>

1964 U.S. Code Cong. & Admin. News 3782 [hereinafter <u>1964</u> <u>U.S.C.C.A.N.</u>]. By enacting Section 1782, Congress reaffirmed the inherent authority of district courts to grant foreign judicial assistance. <u>In re Request for Assistance from Ministry of Legal</u> <u>Affairs of Trinidad and Tobago</u>, 648 F. Supp. 464 (S.D.Fla. 1986), <u>aff'd</u>, 848 F.2d 1151, 1154 (11th Cir. 1988), <u>cert</u>. <u>denied</u>, 488 U.S. 1005 (1989) [hereinafter <u>Trinidad and Tobago</u>]. More significantly, its enactment reflected Congress' desire to increase the power of district courts to respond to foreign requests for judicial assistance. <u>In re Letters Rogatory from the Tokyo District, Tokyo,</u> <u>Japan</u>, 539 F.2d 1216, 1218 (9th Cir. 1976) [hereinafter <u>Japan I</u>]. In sum, Section 1782 is a Congressional invitation to district courts to affirmatively act to execute foreign requests for judicial assistance.

        a.   <u>Source of the foreign request for assistance</u>

    Foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate or juge d'instruction. <u>In re Letter of Request from the Government of</u> <u>France</u>, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991) [hereinafter <u>France</u>]; <u>In re Letter of Request for Judicial Assistance from the</u> <u>Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 405-406 (S.D.Fla. 1987) [hereinafter <u>Haiti</u>]. Foreign requests may also be made by "any interested person," such as a foreign legal affairs minister or public prosecutor. <u>In re: Letters</u> <u>Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan,</u>

16 F.3d 1016 (9th Cir. 1994) [hereinafter Japan II]; In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 690 (D.C. Cir. 1989) [hereinafter United Kingdom]; Trinidad and Tobago, 648 F.Supp. at 466-67.

b. Purpose for the foreign request for assistance

Foreign requests for judicial assistance must be for the purpose of securing evidence "for use in a proceeding in a foreign . . . tribunal." This includes evidence needed in proceedings before investigating magistrates as well as in proceedings before conventional courts. 1964 U.S.C.C.A.N. at 3788; Haiti, 669 F.Supp. at 405-406. See also Japan I, 539 F.2d at 1218 (assistance requested "for use in completion of the investigation and in future trials"). Section 1782 contemplates that district courts will facilitate evidence gathering prior to litigation; Congress amended Section 1782 to eliminate the need for a "pending" proceeding with the intention of expanding the availability of U.S. judicial procedures for obtaining evidence in the United States in connection with proceedings before foreign tribunals. United Kingdom, 870 F.2d at 692.

2. Authority to appoint a commissioner

Section 1782 further provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the district court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. With requests for assistance in criminal matters, a district court typically appoints an Assistant United States Attorney as commissioner.  However, a district court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney.  See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991) [hereinafter Hong Kong].

Application to a district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled ex parte.  United Kingdom, 870 F.2d at 688; Japan I, 539 F.2d at 1219.

3.   Authority to establish the evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A district court empowers a commissioner to collect the evidence using the procedure prescribed by the court.  A district court has "complete discretion in prescribing the procedure to be followed." 1964 U.S.C.C.A.N. at 3789.  When a district court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply.  Japan II, 16

F.3d 1016; <u>Hong Kong</u>, 138 F.R.D. at 32.   However, as Section 1782 makes clear, when a district court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply.   <u>France</u>, 139 F.R.D. at 590-591.

a.   <u>Commissioner's subpoena</u>

If a district court so orders, a commissioner may use the attached form, entitled commissioner's subpoena, to obtain the requested evidence.   <u>See</u>, <u>e.g.</u>, <u>United States v. Erato</u>, 2 F.3d 11, 12-13 (2d Cir. 1993) (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas).   The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the district court for the production of evidence in accordance with Section 1782.   <u>See</u> 28 U.S.C. § 1651.   Upon authorization by a district court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request in the relevant district.

b.   <u>Notice of evidence taking</u>

If a district court so orders, a commissioner may collect the evidence in accordance with procedures -- including those involving notice -- requested by the requesting court or authority.   In the absence of a request for a specific procedure, a district court can assume that the requesting court or authority has provided such notice as the foreign law requires, or that the foreign law does not require notice and the requesting court or authority does not

consider notice to be necessary or useful.  In sum, if the requesting state has not requested notice, no notice need be provided.[1]  Accordingly, to the extent that a request does not ask for specific notice procedures, a district court should authorize a commissioner to take the evidence without notice to any party other than the recipient of the commissioner's subpoena.

4.   The Present Request

Based upon the facts set forth in the letter rogatory request, the request is clearly one contemplated by Congress when, in enacting Section 1782, it expanded the authority of federal courts to assist foreign tribunals.

Congress intended that the United States set an example to other nations by making judicial assistance generously available. Trinidad and Tobago, 848 F.2d at 1153-54.  Accordingly, the government asks this Court, in the interests of comity, to issue the attached order under Section 1782 granting assistance for a

---

[1] Historically, United States authorities have executed requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings, in order to protect against compromising foreign investigations and proceedings. Moreover, United States authorities customarily rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires. Finally, requesting courts and authorities routinely request that United States executing authorities follow particular, stated notice procedures when such procedures are necessary or useful under the foreign law or practice.  For example, foreign requests frequently ask (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

proceeding in Turkey, appointing Assistant United States Attorney George W. Breitsameter as commissioner, and authorizing him to take the actions necessary, including the issuance of commissioner's subpoenas, to collect the evidence requested and to adopt such procedures in the receipt of the evidence as are consistent with the intended use thereof in Turkey.

Respectfully submitted,

THOMAS E. MOSS
UNITED STATES ATTORNEY


George W. Breitsameter
Assistant United States Attorney

Dated:   This _8th_ day of September, 2004.

COMMISSIONER'S SUBPOENA

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

TO: _____
    _____
    _____

I, Commissioner George W. Breitsameter, an Assistant United States Attorney for the District of Idaho, acting pursuant to an Order of the District Court and under the authority of Title 28, United States Code, Section 1782, for the purpose of rendering assistance to Turkey, command that you appear before me in Room _____, in the building located at _____, in the city of _____, in the state of Idaho, at _____ a.m./p.m., to provide testimony/documents regarding an alleged violation of:

    the laws of Turkey, namely, [major violation or violations], among other alleged violations, and that at the time and place aforesaid you provide the following: _____

    For failure to attend and provide testimony/said documents, you will be deemed guilty of contempt and liable to penalties under the law.

Dated: September _____, 2004.

                              _____
                              COMMISSIONER GEORGE W. BREITSAMETER
                              Assistant United States Attorney for the
                              District of Idaho
                              Telephone: (208) 334-1211

T.C.
A D A N A
1.ASLİYE CEZA MAHKEMESİ                    **T A L İ M A T**
S A Y I
ESAS   NO : 2002/1466


A.B.D. YETKİLİ ADLİ MAKAMINA
A.B.D


     Dolandırıcılık  suçundan sanıklar NİHAT YAVUZ VE 2 arkadaşları hakkında mahkememizde yapılan duruşmasında verilen ara kararı gereğince;
     Aşağıda açık kimliği ve adresi yazılı bulunan müştekinin belirtilen adresinden mahkememize çağırılarak  ekde gönderilen iddianame gereğince Müştekinin şikayet ve delillerinin nelerden ibaret olduğunun etraflıca sorularak tesbiti ile  bu hususta düzenlenecek istinabe evrakının çok tez mahkememize gönderilmesi rica olunur08.03.2004


Katip

HAKİM-21908


MÜŞTEKTİ : Michael P. Torres 366 EMS Mountain home  AFB,ID  A.B.D


EKİ- İddianame, ve tercüme evrakı,

**T.C.**
**ADANA**
**CUMHURİYET BAŞSAVCILIĞI**

Hazırlık no............: 200.2/    34188
Esas no.................: 200.../    $14917$
İddianame no.......:200.../    $9927$

# İ D D İ A N A M E

**Adana (  ASLİYE  ) Ceza Hakimliğine**                    30 EKİ

**Davacı................: K.H.**
**Müşteki**ler........: 1-Matthew Lauren Salazar:Jimmy oğ.1971 D.lu Adana İn-
cirlik üssü Çadırkent No:1418 de mukim.
2-Michael Paul Torres:Joseph oğ.1974 D.lu aynı yer
No:1402 de mukim.

**Sanıklar**    :1-Nihat Yavuz:Abdullah ve Ganime oğ.1963 D.lu Çermik
ilç.Çukur nf.kay.Havuzlubahçe mah.758 sk.No:93 de muki
Adana cezaevinde tutuklu.
2-Metin Tan:Senai ve Fatma oğ.1976 D.lu Ergani ilç.
İsmetpaşa mah.nf.kay.Gülbahçe mah.51 sk.No:5 de mukim
Adana cezaevinde tutuklu.
3-Deniz Çevik:Nihat ve Münevver oğ.1979 D.lu Yüreğir
ilç.Seyhan mah.nf.kay.Mithatpaşa mah.91 sk.No:12 Adana

**S u ç**            : Dolandırıcılık.
**S u ç Tarihi**      : 12.10.2002
**Tutuklama T.**      : 16.10.2002 sanık Nihat için,23.10.2002 Metin için.
**Tahliye T.**        :
**Deliller**          :Müşteki ve sanık beyanları.
**Tat.İst.Yas. Mad** :TCK.64/1 mad.delaletiyle 503/1,522,40,39 mad.
(Nihat ve Metin için)
TCK.64/1 mad.del.503/1,522,39 mad.Deniz için.

## Hazırlık evrakı incelendi ;

Turist rehberi sıfatıyla İncirlikte görev yapan ABD vatandaş
üç kişiye Sabancı camiinde yaklaşan Deniz'in Amerikalıları gökün çev
resini gezdirdiği sırada suç ortaklarını cep telefonuyla olay yerine
çağırdığı,irade birliği içinde gelen sanıklar Metin ile Deniz'in ker
dilerine polis süsü verip,yasak bölgeye girdiklerini rüşvet vermedik
leri takdirde tutuklanacaklarıyla korkutup mağdurlara 8 milyar TL
altın aldırdıkları,
Parası olmadığı için Michael Paul Torres'in para vermediği
Songül Demir'in olaya iştirak ettiğine dair delil bulunmadığı,
Suç ortağı Deniz hakkında tutuklu sanıklar gibi CMUK.104.
mad.gereğince gıyaben tevkif edilmesi gerektiği kanaatine varılmakla

Sanık-ların yargılanarak eylemine uyan sevk maddeleri gereğince cezalandırılmasına karar
verilmesi kamu adına iddia olunur.

**SAHİTLER**                         25  10  200

Adana Cumhuriyet Savcısı
Mehmet TAŞTAN-32368

Republic of Turkey
Adana Province
Court of FirstInstance and Penalty
Number
Base Nr: 2002/1466

## I N S T R U C T I O N

TO U.S.A JUDICIAL AUTHORITY OFFICE

U.S.A

In accordence with intermediate decision of trial on our court, that was about NIHAT YAVUZ and his two firends,were defendants from swindle crime:

It was requested that complainant, whose open identity and address are written below, are invited to your court.In conformity with sended written demand by appendix, it is determined what his complaints and proofs are by asking to him and sustitution document which will be arranged about this matter, will be sent as soon as possible to our court.

Judge-21908

Signature: Signed
--Official Seal--

Complainant: Michael P. Torres 336 EMS Mountain home AFB,ID U.S.A

Appendix:   Written Demand,Document of Translation

************************************************************
I herewith certify that this INSTRUCTION has been translated from its Turkish text into English language true and correctly by me.
Türkçe olarak tanzim edilen işbu TALIMAT tarafımdan doğru olarak İngilizce'ye tercüme edilmiştir. Tasdik ederim.




Republic of Turkey
Adana Province
Republic Attorney Generalship


Preparation No:2002/34188
Base No        :2002/4917
Demand No      :2002/9427


WRITTEN DEMAND


To           : 1.st Court of First Instance and Penalty

Plaintiff    : Civil Law

Complainants : 1. MATTHEW LAUREN SALAZAR, son of Jimmy, born
                 in 1971, at the present dwelling at the
                 address of: Adana Province Incirlik Air-Base
                 Cadirkent Nr:1418.

               2. MICHAEL PAUL TORRES, son of Joseph, born in
                 1974 and dwells at Nr 1402 same address.

Defendants   : 1.NIHAT YAVUZ, son of Abdullah and Ganime,
                 born in 1963, registered at Çermik District
                 Çukur, and at the present dwelling at the
                 address of: Havuzlubahçe Mah.  758 Sk.  No:93,
                 is prisoner at Adana Prison,

               2.METIN TAN,son of Senai and Fatma born in
                 1976, registered at Ergani District Ismetpaşa
                 Mah.and at the present dwelling at the address
                 of : Gülbahçe Mah. 51 Sok. No:5 is prisoner at
                 Adana Prison.

               3. Deniz Çevik, son of Nihat and Münevver born
                 in 1979, registered at Yüreğir District Seyhan
                 Mah. at the present dwelling at the address of:
                 Mithatpaşa Mah. 91 Sok. No:12 Adana.


Crime                : Swindle

Date of Crime        :12.10.2002

Date of Imprisonment:16.10.2002 for Defandant/Nihat and
                      23.10.2002 for Metin.

Proofs               :Declarations of complainants and
                      defendants.



--2--

Law Article Demand
for Application   :Article 503/1,522,40,39 by guidance of
                  Article 64/1 of Turkish Penal Code (for
                  Nihat and Metin)
                  Article 503/1,522,39 by guidance of
                  Article 64/1 of Turkish Penal Code ( for
                  Deniz)

### PREPARATORY DOCUMENTS HAS BEEN EXAMINED

While Deniz who acted as a tourist guider, was taking three
American citizenships who work at İncirlik for a walk through
lake, called his crime partners to event area by his mobile
phone.  Defendants Metin and Deniz came with volition
cooperation and they acted like a police. They said that they
were in prohibition area and if they would not give a bribe,
they would be put into prison for being scared.Injured
parties were bought the gold of 8 billions TL.

Michael Paul Torres did not give any money becausehe did not
have any money,
There is no proof of Songül Demir participing to event,
It was convinced that crime partner Deniz is arrested in his
absence as like prisoned defendants in accordence with
Article 134 of Turkish Republic Law of Judgement for Criminal
Procedure.

In the name of public, it is demanded that, to be punished is
decided  in accordence with driving articles, is suitable to
actions of judged defendant(s)

WITNESSES                            25.10.2002
                               Sgd.MEHMET TAŞTAN-32368
                          Republic Attorney of Province Adana

******************************************************************

I herewith certify that this WRITTEN DEMAND has been
translated from its Turkish text into English correctly be
me.
Türkçe olarak tanzim edilen işbu İDDİANAME tarafımdan doğru
olarak İngilizce'ye tercüme edilmiştir. Tasdik ederim.

